TO BE FILED UNDER SEAL

David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

United States District Court
District of New Jersey

_____
                                            )
United States of America ex rel.            )
GNGH2 Inc.,                                 )
                                            )
            Plaintiff-Relator,              )
                                            )
    - against -                             )   Index No.:
                                            )
COYNE PUBLIC RELATIONS, LLC,                )   **Complaint**
                                            )
                                            )
            Defendants.                     )
_____)

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.      Nature of the Case**

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility.  As set forth in more detail below, second-round PPP funding is barred to persons who are required to register under the Foreign Agent Registration Act, 22 U.S.C. 611 et seq.

**II.     Parties**

2.      Defendants COYNE PUBLIC RELATIONS LLC ("Defendant") is a New Jersey Limited Liability Company..  Defendant maintains an office at 5 Wood Hollow Road, Parsippany, New Jersey 07054.

3. The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in the State of New Jersey, County of Bergen.

**III     Compliance with Requirements of Suit**

4. This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District of New Jersey.

5. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

**IV.     Jurisdiction and Venue**

6. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, the Defendant resides in New Jersey.

**V.     Background**

7. Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

8. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11. The CARES Act was subsequently amended to provide for a second round of disaster funding. Significantly, an applicant is ineligible for such funding if it is required to register under the Foreign Agent Registration Act ("FARA").

12. The Defendant in this matter is a Public Relations firm. It received first and second round disaster relief as follows:

| Date | Loan Number | Amount | Forgiven |
|---|---|---|---|
| 4/9/2020 | 9019917008 | $2,351,507 | 7/7/2021 |
| 2/5/2021 | 4288438509 | $2,000,000 | 10/5/2021 |

13. Thus, on or about February 5, 2021, Defendant completed Form 2483-SD which required it to certify that "[t]he Applicant is not required to submit a registration statement under section 2 of the Foreign Agents Registration Act of 1938 (22 U.S.C. 612)"

14. This certification was false when made as set forth below.

15. In or about June of 2015, Defendant became the AOR (agency of record) for the Cayman Islands Department of Tourism ("CIDoT") has been AOR for the CIDoT at all times relevant to this matter.

16. Indeed, in connection with this representation, the Defendant submitted FARA registration number 6177.

17. Further, at all times relevant to this matter, the Defendant served as AOR for South African Tourism which is the "tourism marketing arm of the South African government."

18. Further, at all times relevant to this matter, the Defendant served as PR representative to the Hong Kong Tourism Board.

19. The CIDoT; South African Tourism; and the Hong Kong Tourism Board "foreign principals" within the meaning of 22 U.S.C. Section 611(b)(1) and 611(e) in that they are all agencies of foreign governments.

20. Further, Defendant is an "agent of a foreign principal" within the meaning of 22 U.S.C. Section 611 in that it acts in the United States as a publicity agent for the above-referenced foreign principals.

21. Accordingly, Defendant is an entity which is required to submit a registration statement under 22 U.S.C. Section 612.

22. Thus, Defendant made a fraudulent representation when it completed form 2483-SD.

23. As a result of these statements, the Defendant received substantial funds to which it would not otherwise have been entitled.

**VI.    (Count I)  Violation of the False Claims Act**

24. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

25. The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp*.,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

26. Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VII.    Relief Sought**

26.    On behalf of the government, Relator is seeking judgment for the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

27.    The Defendant received $2,000,000 in disaster relief as a result of the certifications set forth above.

28.    Accordingly, Relator seeks judgment in the amount of $6,000,000 against the Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
          December 9, 2021

5